FILED

2022 Oct-26  PM 04:33
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **STACEY FITZGERALD JONES, JR.,** | } | |
| | } | |
| **Petitioner,** | } | |
| | } | |
| **v.** | } | **Case No.:  2:20-CV-8007-RDP-2** |
| | } | **(2:15-CR-0109-RDP-SGC-1)** |
| **UNITED STATES OF AMERICA,** | } | |
| | } | |
| **Respondent.** | } | |

## <u>MEMORANDUM OPINION</u>

Before the court is Petitioner Stacey Fitzgerald Jones's Motion to Vacate, Set Aside, or Correct Sentence. (Doc. #1). The motion has been fully briefed. (Docs. #1, 7, 19-20). After careful review, and for the reasons discussed below, the motion is due to be denied.

### I.      Background

In April 2013, Jones was charged with violating 18 U.S.C. § 922(g)(1). (Cr. Doc. #1). The indictment alleged that Jones was a felon in possession of a firearm who had three prior Alabama convictions—one for unlawful possession of marijuana, first degree (CC 2013-209); and two for unlawful possession of a controlled substance (DC 2013-4813 and CC 2012-263)—and each offense was punishable by more than a year of imprisonment. (*Id*. at 1-2). It then alleged that after those convictions, on or about October 21, 2014, Jones "did knowingly possess in and affecting commerce a firearm, that is, two (2) Smith & Wesson .40 caliber pistols and ammunition." (*Id*. at 2).

On July 8, 2015, Jones pleaded guilty to that charge of felon in possession of a firearm in violation of U.S.C. § 922(g)(1). (Cr. Doc. #19 at 1).[1] He entered a binding plea agreement with the government under Federal Rule of Criminal Procedure 11(c)(1)(C), under which the parties and court agreed to a sentence of 120 months' imprisonment. (*Id.* at 7). On December l, 2015, the court entered judgment against Jones and sentenced him to a term of one hundred twenty months. (Cr. Doc. #34). Jones had previously been convicted twice for possession of controlled substances and once for possession of marijuana in the first degree, all three of which constitute felonies. (Doc. #7 at 3). Jones's first controlled substance offense resulted in a two-year suspended sentence and two years of probation. (*Id.*). For the marijuana offense and the second controlled substance offense, Jones was sentenced to concurrent terms of three years in custody, split to the 60 days of time served with the rest of the time served, and two years of probation. (*Id.*). Jones did not file a direct appeal and his conviction thus became final on December 15, 2015. On February 21, 2020, Jones filed a motion to vacate, set aside, or correct sentence in this court, pursuant to 28 U.S.C. § 2255. (Doc. #1).

Jones has advanced several arguments in his initial motion and reply to the Government's response. He contends that his indictment and plea proceedings suffered from general errors, including a jurisdictional error, in light of *Rehaif v. United States*, 139 S. Ct. 2191 (2019).  (Doc #1 at 5, 16-19). Further, he argues that his sentence should be vacated in light of *Rehaif* and that his counsel provided ineffective assistance by not informing him of the elements of U.S.C. § 922(g)(1). (Doc. #1 at 4, 5, 16) (Doc. #20 at l). Unrelated to *Rehaif*, Jones also claims ineffective assistance and asserts his counsel failed to advise him of the ramifications of his plea agreement and that he was being prosecuted by the United States on new charges that were unrelated to any

---

[1] The court refers to documents relating to Jones's underlying criminal case (2:15-cr-0109-RDP-SGC-1) as (Cr. Doc. #). Documents cited as (Doc. #) refer to documents relating to the present matter.

state proceedings. (*Id.* at 5). Jones also alleges judicial interference, claiming that Magistrate Judge John E. Ott "intimidated" him by threatening to recommend trial and maximum sentence if Jones removed his counsel. (Doc. #20 at 1). Finally, Jones asks the court to reconsider his four-point sentence enhancement pursuant to U.S.S.G. §§ 2K2.1(b)(4)(B) & 2K2.1(b)(6)(B). (Doc. #19 at 1). (Doc. #20 at 2).

## II.   Standard of Review

Section 2255 authorizes a federal prisoner to move in the court of conviction to vacate, set aside, or correct his sentence on the ground that the sentence was imposed in violation of the Constitution or laws of the United States. 28 U.S.C. § 2255(a). Such a motion is subject to heightened pleading requirements which mandate that the motion must specify all the grounds of relief and state the facts supporting each ground. *See* Rules 2(b)(l) & (2), Rules Governing § 2255 Proceedings; *see also McFarland v. Scott*, 512 U.S. 849, 856 (1994). When a § 2255 motion is filed, it is subject to preliminary review, at which time the court is authorized to dismiss the motion summarily "[i]f it plainly appears from the motion, any attached exhibits, and the record of the prior proceedings that the moving party is not entitled to relief." Rule 4(b), Rules Governing § 2255 Proceedings. A § 2255 movant is not entitled to a hearing or post-conviction relief when his claims fail to state a cognizable claim or amount to only conclusory allegations unsupported by specifics or contentions that in the face of the record are wholly incredible. *See Lynn v. United States*, 365 F.3d 1225, 1239 (11th Cir. 2004); *Caderno v. United States*, 256 F.3d 1213, 1217 (11th Cir. 2001).

## III.   Analysis

Title 18 U.S.C. § 922(g)(l) makes it unlawful for any person "who has been convicted in any court of [] a crime punishable by imprisonment for a term exceeding one year" to possess a

firearm or ammunition. Before *Rehaif*, the government was required to prove that: (1) the defendant "knowingly possessed a firearm," (2) the defendant was "previously convicted of an offense punishable by a term of imprisonment exceeding one years," and (3) the firearm "was in or affecting interstate commerce." *United States v. Palma*, 511 F.3d 1311, 1315 (11th Cir. 2008). In *Rehaif*, the Court in essence extended the knowledge requirement to the second factor. 139 S. Ct. at 2200. After *Rehaif*, the government must prove that the defendant "*knew* he belonged to the relevant category of persons barred from possessing a firearm" at the time of possession of the firearm. (*Id.*) (emphasis added).

A § 2255 claim of ineffective assistance of counsel is subject to the standards of *Strickland v. Washington*, 466 U.S. 668 (1984). *Grossman v. McDonough*, 466 F.3d 1325, 1344 (11th Cir. 2006). To satisfy *Strickland*, a petitioner must show (1) that counsel's representation fell below an objective standard of reasonableness" and (2) that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Darden v. Wainwright*, 477 U.S. 168, 184 (1986) (internal quotation marks omitted). A district court's scrutiny of counsel's performance is "highly deferential." *Chandler v. United States*, 218 F.3d 1305, 1314 (11th Cir. 2000). For the reasons below, the court concludes that Jones's motion is due to be denied.

A.      **Jurisdictional Defect**

Jones asserts that, in light of *Rehaif*, his "indictment affirmatively alleged a specific course of conduct that is outside the reach of the statute of conviction." (Doc. #1 at 17). Thus, he claims there was a "jurisdictional defect that must be cured by the face of the records at the time of entering the plea itself." (*Id.*). Further, Jones asserts that the *Rehaif* Court found that § 922(g)(l) does not exist as a "prosecutable, stand-alone" violation. (*Id.* at 18). Instead, a "valid prosecution"

must be brought under both §§ 922(g)(1) and 924(a)(2). (*Id.*). Therefore, Jones asserts that the district court was without subject matter jurisdiction to adjudicate his case, as the government did not prosecute him under § 924(a)(2), the so-called "operative provision." (*Id.*).

The Eleventh Circuit has already disposed of this argument in *United States v. Morales*, 987 F.3d 966 (11th Cir. 2021). There, the petitioner similarly argued that "the omission of the knowledge-of-status requirement caused the indictment to fail to charge a federal criminal offense, thereby depriving the district court of subject matter jurisdiction." (*Id.* at 978). Further, the petitioner alleged that "*Rehaif* rendered Section 922(g) a non-self-executing provision that does not itself define a federal defense." (*Id.*) The circuit court rejected both of those arguments. As to the lack of knowledge element claim, it reasoned that "the omission of an element in an indictment does not deprive the district court of subject matter jurisdiction. A defective indictment only affects jurisdiction when it fails to allege an offense against the United States." (*Id.* at 979) (quoting *United States v. Moore*, 954 F.3d 1322, 1336 (11th Cir. 2020)) (internal quotation marks omitted). And specifically, "there is no jurisdictional defect if an indictment merely fails to include an allegation that the defendant *knowingly* committed the crime but otherwise clearly alleges the unlawful conduct that the defendant is accused of committing." (*Id.*) (quoting *United States v. Innocent*, 977 F.3d 1077, 1084 (11th Cir. 2020)) (internal quotation marks omitted). As to the claim of failure to prosecute under both §§ 922(g)(1) and 924(a)(2), the court held that it reads *Rehaif* to hold that "§ 922(g) itself . . . [includes] a knowledge-of-status element, not as having held that § 922(g) is a non-criminal provision that § 924(a)(2) incorporates to create a criminal offense." (*Id.*)   (citing *Moore*, 954 F.3d at 1333).

Because Jones's indictment tracked the language of § 922(g) (Cr. Doc. #1) and sufficiently alleges an offense against the United States, the court had subject matter jurisdiction to hear his case.

**B.      Timeliness**

Title 28 U.S.C. § 2255(f) provides the limitations period for a petitioner to file a motion to vacate, correct, or set aside sentence. That section provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). A petitioner generally must file such a motion within one year of the date on which the judgment of conviction becomes final in accordance with subsection (f)(1). However, the Eleventh Circuit has applied subsection (f)(3) to an initial petition based on a *Rehaif* argument. *Compare Seabrooks v. United States*, 32 F.4th 1375, 1383 (11th Cir. 2022) (holding that the new rule of law articulated in *Rehaif* applied retroactively to an *initial* petition), *with In re Palacios*, 931 F.3d 1314, 1314-15 (11th Cir. 2019) (on review of an application to file a second or successive petition, holding that *Rehaif* did not announce a new rule of constitutional law and even if so the rule was not made retroactive to cases on collateral review).

As noted above, the Eleventh Circuit affirmed Jones's conviction and sentence and that judgment became final on December 15, 2015. The Supreme Court published *Rehaif* on June 21, 2019, and Jones filed the pending motion on February 21, 2020. *See Rehaif*, 139 S. Ct. at 2191; (Doc. #1). The motion is only partially timely. Jones's *Rehaif*-unrelated ineffective assistance of counsel claims as to counsel's alleged failure (1) to notify him of his rights and the ramifications of the plea agreements and (2) to notify him that he was being prosecuted by the United States on new charges that were unrelated to any state proceedings, are due to be dismissed as untimely. Likewise, Jones's claim that Magistrate Judge John E. Ott inappropriately interfered with proceedings is also untimely.

Moreover, even if those claims were timely (and, again they are not), they are without merit. As to the *Rehaif*-unrelated claims of ineffective assistance of counsel, the record simply disproves Jones's claim that he did not understand and was not advised by his counsel of his rights and the ramifications of the plea agreement. On June 28, 2015, Jones signed and initialed both the "Guilty Plea Advice of Rights Certification" and the "Plea Agreement," wherein the rights he waived, his maximum punishment, and the stipulated sentence were all outlined in detail. (Cr. Docs. #18 at 1-4; #19 at 1, 7, 8-9, 15-17).

Jones claims that he was "led to believe [by his counsel] that the federal proceedings were a continuation of the initial state proceedings." (Doc. #1 at 5). But that argument is without merit. First, this was a federal indictment. Second, Jones appeared in federal court to answer the indictment. Third, the "Guilty Plea Advice of Rights Certification" and the "Plea Agreement," both of which were signed and initialed by Jones, were made in federal court. Jones states, "the drugs and guns of which [he] was charged with by state [were] disposed of by the . . . plea agreement." Fourth, the plea agreement did not dispose of any state charges. Fifth, the plea

agreement clearly indicates that by pleading guilty he was avoiding the prospect of facing another federal indictment.[2] (Cr. Doc. #19 at 7). Finally, and in any event, even if there was confusion (and, to be clear, there was not), Jones has not shown how that would have affected his guilty plea.

Jones's untimely claim of judicial interference is also meritless. Jones alleges that Magistrate Judge Ott "intimidated" him by stating, "I'm going to recommend that you go to [trial] and get the max amount of time if you remove [your counsel] from your case." (Doc. #20 at 1). Jones does not specify when Magistrate Judge Ott allegedly said this. But, no such statement appears in the record and no such statement is found in any entries connected to any proceedings that occurred before (or after) the plea agreement in this case. Jones alleges that he signed the plea agreement only "in fear of [receiving] 40 years[.]" (Doc. #19 at 2). To the extent he had that concern, it was merited. Jones's counsel was prudent to recommend to him a plea agreement. Without the plea agreement, Jones would have been subject to the additional indictment and, if convicted of that charge, he would have faced substantially more prison time. (Cr. Doc. #19 at 7). Thus, Jones cannot claim to have entered the guilty plea based on impermissible judicial interference in plea negotiations or "intimidation."

## C.    *Rehaif*-Related Ineffective Assistance Arguments

In light of *Rehaif*, Jones argues that his counsel provided ineffective assistance by failing to inform him of the *mens rea* requirement for the status element of § 922(g)(1). (Doc. #1 at 5). Claims of ineffective assistance of counsel may be raised for the first time in a § 2255 motion; therefore, they are not subject to the procedural bar for failing to raise them on direct appeal. *Massaro v. United States*, 583 U.S. 500, 504 (2003). As stated above, under *Strickland*, an ineffective assistance claim must demonstrate that counsel acted below the objective standard of

---

[2] *See* Case No.: 15-cr-201-RDP-JHE-001.

reasonableness *and* that counsel's error resulted in prejudice. *Darden*, 477 U.S. at 184. "Reasonably effective representation cannot and does not include a requirement to make arguments based on prediction of how the law may develop." *Spaziano v. Singletary*, 36 F.3d 1028, 1039 (11th Cir. 1994) (citations omitted). A panel of the Eleventh Circuit has similarly observed that its precedent "clearly forecloses an ineffective-assistance-of-counsel claim based on failure to raise an objection that would succeed under current law, but which could depend on a forthcoming Supreme Court decision." *United States v. Finley*, 805 F. App'x 823, 827 (11th Cir. 2020). Because the "law is not an exact science, an ordinary, reasonable lawyer [who] fail[s] to recognize or to raise an issue, [even] when the issue is available, [may] still provide constitutionally effective assistance." *Pitts v. Cook*, 923 F.2d 1568, 1574 (11th Cir. 1991) (quoting *Pelmer v. White*, 877 F.2d 1518, 1523 (11th Cir. 1989)) (internal quotation marks omitted). Further, because "it generally does not fall below the objective standard of reasonableness for trial counsel to fail to raise a claim in anticipation that undeniably would lose under current law but might succeed based on the outcome of a forthcoming Supreme Court decision," Jones fails the first prong of the *Strickland* test. *Dell v. United States*, 710 F.3d 1267, 1282 (11th Cir. 2013).

When the court accepted Jones's guilty plea, there was no *mens rea* requirement to the status element of § 922(g)(l). *See United States v. Jackson*, 120 F.3d 1226, 1229 (11th Cir. 1997) (holding that knowledge of felon status was not an element of a § 922(g)(1) offense), *abrogated by Rehaif*, 139 S. Ct. 2191 (2019). Rather, *Rehaif* introduced for the first time such a requirement in this Circuit. While that is enough to dispose of the *Rehaif*-related ineffective assistance claim, Jones has also not shown that counsel's alleged error prejudiced him. Speculative or "possibl[e]" prejudice is insufficient to show ineffective assistance of counsel, instead, he must show "that the error worked to his 'actual and substantial disadvantage[.]'" *Carlyle v. United States*, 836 F. App'x

780, 783 (11th Cir. 2020) (quoting *United States v. Bane*, 948 F.3d 1290, 1297 (11th Cir. 2020)). Jones makes no such showing. Therefore, his ineffective assistance of counsel claim is without merit.

### D.     Procedural Default

Generally, before presenting a claim in a § 2255 motion, a petitioner must advance an available challenge to a criminal conviction or sentence on direct appeal. *Lynn*, 365 F.3d at 1234. If a petitioner fails to raise the argument on direct appeal, it is generally considered procedurally defaulted. *See generally Carlyle*, 836 F. App'x 780 (applying the procedural default rule to a *Rehaif* claim based on an alleged involuntary guilty plea). If the procedural default is not waived by the government, a court can excuse procedural default only in two circumstances: when the petitioner demonstrates (1) cause for the default and actual prejudice from the alleged error or (2) his actual innocence. *Lynn*, 365 F.3d at 1235; *Bousley v. United States*, 523 U.S. 614, 622 (1998). Since allegations of ineffective assistance of counsel are not "generally consider[ed] . . . on direct appeal," those claims addressed above were not subject to procedural default. *See United States v. Bender*, 290 F.3d 1279, 1284 (11th Cir. 2002).

Here, Jones did not file a direct appeal of his conviction and/or his sentence. Rather, Jones has presented these arguments for the first time in his § 2255 motion. The government has asserted procedural default as a defense in its brief. (Doc. #7 at 6-9). Therefore, the court must determine whether Jones has shown that one of the exceptions to procedural default applies to his claims—namely, that the court did not inform him of the knowledge elements during his plea colloquy (*i.e.*, that his plea was not knowing), and more generally, that his indictment was defective or insufficient. (Doc. #1 at 5, 16-19). After review, the court concludes Jones has failed to show that one of the exceptions to procedural default applies here.

i.        **Cause and Prejudice**

Jones did not explicitly address cause and actual prejudice in his motion or response brief. (*See* Docs. #1, #19, #20). The fact that he failed to address both cause and actual prejudice is a sufficient reason to dispose of his claims based on the first exception because Jones carries the burden of proof on his claims. That is, he is required to present specific factual assertions to substantiate each claim in a § 2255 motion. *Borden v. Allen*, 646 F.3d 785, 810 (11th Cir. 2011) ("[S]ection 2255 Rules mandate 'fact pleading' as opposed to 'notice pleading.'"). He has not done so. But, even if Jones had addressed cause and actual prejudice, nothing in the record indicates one of exceptions to procedural default applies here.

First, "'cause' excusing the procedural default must result from some objective factor external to the defense that prevented the prisoner from raising the claim and which cannot be fairly attributable to his own conduct." *McCoy v. Newsome*, 953 F.2d 1252, 1258 (11th Cir. 1992). Ineffective assistance of counsel can be cause for a procedural default. *Murray v. Carrier*, 477 U.S. 478, 479 (1986). The court has already disposed of Jones's ineffective assistance claims (that were posited on multiple grounds) both related and unrelated to *Rehaif*. To be sure, nowhere does Jones assert that counsel had a constitutional duty to appeal the sentence or conviction that resulted from the plea agreement on *Rehaif* grounds. But, even if he had made such an assertion, his ineffective assistance claim would fail on the same grounds noted above. *Pitts*, 923 F.2d at 1574; *Dell*, 710 F.3d at 1282.

Neither can cause be found in *Rehaif*'s substantive change of law. Although a petitioner may make a sufficient showing of cause where a "claim is so novel that its legal basis is not reasonably available to counsel," *Bousley*, 523 U.S at 622-23 (citing *Reed v. Ross*, 468 U.S. l, 16 (1984)), the Eleventh Circuit has held that a "*Rehaif* [argument] [is] not 'truly novel' in the sense

necessary to excuse procedural default." *Innocent*, 977 F.3d at 1084. And, other courts in this district, when presented with the same claim, have found that "the question presented in *Rehaif* has been thoroughly and repeatedly litigated in the courts of appeals for decades, and as such, it does not qualify under the novelty exception to the procedural default rule." *United States v. Easley*, No. 15-00243-KD-B, 2021 WL 2653252 at *6 (S.D. Ala. June 28, 2021) (quoting *Anderson v. United States*, No. 19-24903, 2020 WL 5803327 at *3 (S.D. Fla. Sept. 8, 2020)).

Of course, even if Jones could establish cause (and, he cannot), he does not            `meet the actual prejudice standard. To establish prejudice, Jones must show "that the error worked to his 'actual and substantial disadvantage,' not merely the 'possibility of prejudice.'" *Carlyle*, 836 F. App'x at 783 (quoting *United States v. Bane*, 948 F.3d 1290, 1297 (11th Cir. 2020)). "The government's obligation to prove knowledge is not 'burdensome,' and it may be inferred from circumstantial evidence." (*Id.*) (citing *Rehaif*, 139 S. Ct. at 2198).

Jones claims that "he didn't understand what [he was] pleading to" at his sentencing hearing, and that he was "unaware that he was being prosecuted for an offense he had no knowledge of." (Doc. #19 at 1). However, *Rehaif* does not require that the government prove that a defendant knew it was illegal for him to possess a firearm. *Rehaif* only requires that a defendant know "he possessed a firearm and [know] that [] he belonged to the relevant category of persons barred from possessing a firearm." 139 S. Ct. at 2200.

There is convincing record evidence that shows Jones had knowledge of his felon status. Jones's offense in this case took place in or around October 2014. (Cr. Docs #1 at 1-2; #19 at 2-3). In July 2013, Jones received a suspended sentence of three years in two cases, and in July 2012, he received a suspended sentence of two years in another case. (Doc. #7 at 8). As the government points out, the time period between his felony convictions in 2012-2013 and the

offense pursuant to § 922(g)(l) renders disingenuous Jones's argument that he did not know he had "been convicted . . . of . . . a crime punishable by imprisonment for a term exceeding one years." 18 U.S.C. § 922(g)(l). Jones did not object to the presentence investigation report that outlines his criminal history, and he stipulated in his plea agreement that he had at least three prior felony convictions at the time of his offense. (Cr. Doc. #19 at 6). *See United States v. Reed*, 941 F.3d 1018, 1021 (11th Cir. 2019) (holding that a jury could have inferred that a defendant knew he was a felon from his stipulations).

Jones also states that he believed he "no longer ha[d] *felon* [status] over [his] head" at the time he possessed a firearm because he was placed on probation and had suspended sentences, which were "alternatives of going to prison." (Doc. #19 at 1) (emphasis added). He contends that had he understood that knowledge of *felon* status was an element of § 922(g)(l), he would have argued that he did not know he was a *felon* at earlier stages of the proceedings. But, as Jones admits, he knew he had suspended sentences of more than one year for each of his prior convictions. Section 922(g)(1) does not state that one must know he is a "felon" (although, to be clear, the record supports a finding that Jones knew he was a convicted felon). Rather, section 922(g)(1) requires only that one must know he "has been convicted in any court of a crime punishable by imprisonment for a term exceeding a year." 18 U.S.C. § 922(g)(l). Because Jones knew he received multiple suspended sentences exceeding one year, he *a fortiori* knew that he was convicted of crimes punishable by sentences exceeding one year.

Finally, to the extent that Jones argues that he did not even know he was a felon during legal proceedings surrounding the offense, the record indicates otherwise. Jones affirmed at the plea hearing before this court on July 8, 2015 that he understood the charges against him, and this

court defined those charges on the record, including the element that he "had been convicted of a felony, that is, a crime punishable by more than one year in prison." (Cr. Doc. #57 at 11).

For these reasons, even if Jones had properly presented an argument under the cause-and-prejudice exception to overcome procedural default, the record indicates Jones cannot show cause or actual prejudice, meaning Jones's procedural default is not excused.

### ii.    Actual Innocence

To prove actual innocence, one must demonstrate factual innocence, not mere legal insufficiency. *Bousley*, 523 F.3d at 623; *McKay v. United States*, 657 F.3d 1 190, 1197. (11th Cir. 2011). Jones's attempts to address the actual innocence exception miss the mark. As the Eleventh Circuit has stated, *Rehaif* is less relevant for those convicted under § 922(g)(l) because "[m]ost people convicted of a felony know that they are felons." *Innocent*, 977 F.3d at 1082. Indeed, knowledge may be imputed where one merely knows that they have been convicted of a crime punishable by imprisonment for a term exceeding one year. Because Jones cannot show that he was actually unaware that he had been convicted of a crime punishable by imprisonment for more than one year, Jones has not satisfied the narrow actual innocence exception.

### E.    Sentencing Guidelines Argument

Jones next argues that this court improperly calculated his sentencing guideline range by enhancing his range by four points pursuant to U.S.S.G. §§ 2K2.1(b)(4)(B) & 2K2.1 (b)(6)(B). (Docs. #19 at 2; #20 at 2). This argument is not only meritless but, in addition to that, Jones has not presented any rationale for it. Thus, this claim is without merit and conclusory.

Jones also argues that the enhancement should be rescinded so that he can be given compassionate release. (Doc. #19 at 2). But, a request for compassionate release is to be made in a motion under 18 U.S.C. § 3582(c)(1)(A), not § 2255. And even then, a compassionate release

sentence reduction is only granted when "extraordinary and compelling reasons" exist and if the prisoner's release is consistent with the sentencing factors set forth in 18 U.S.C. § 3553(a) and the applicable guidelines policy statement. *United States v. Ortiz-Lopez*, 2022 WL 2303965 at *2 (11th Cir. 2022). *See* 18 U.S.C. § 3582(c)(l)(A)(i). Jones requests compassionate release on the grounds of "the recent spread and uptick of COVID cases in [his] institution" and because he is not allowed out of his cell due to COVID-19. (Doc #19 at 2). However, as the Eleventh Circuit has observed, COVID-19 is not an independent justification for a compassionate release. *See United States v. Johnson*, 849 F. App'x 908, 909 (11th Cir. 2021) (citing *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020)). Thus, conditions resulting from COVID-19 are not "extraordinary and compelling" circumstances meriting compassionate release.

## IV. Conclusion

Jones has not stated a cognizable claim that entitles him to relief or an evidentiary hearing. Jones's non-*Rehaif*-related claims are untimely. All of Jones's ineffective assistance claims are without merit. Because Jones did not file a direct appeal, the government's assertion of the defense of procedural default is appropriate. And finally, Jones has not shown that either exception to procedural default applies here. Accordingly, Jones's Motion to Vacate, Set Aside, or Correct Sentence (Doc # l) is due to be denied. An order consistent with this memorandum opinion will be entered.

**DONE** and **ORDERED** this October 26, 2022.

**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE